**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Leonel Martinez,                    )
                                    )
            Plaintiff,              )        No. CV-07-0912-PHX-PGR
      vs.                           )
                                    )
United States of America,           )               ORDER
                                    )
            Defendant.              )
_____    )

      This personal injury action arises from a motor vehicle accident on May 25,
2005 allegedly caused by Griffin Tsabeysaye, who was at the time driving a
school bus belonging to the Casa Blanca School District and/or Casa Blanca
Community School; the Casa Blanca Community School is located on the Gila
River Indian Reservation.

      The plaintiff's initial action was filed in the Pinal County Superior Court on
February 3, 2006 and was removed by the United States to this Court on August
14, 2006 as CV-06-1974-PHX-ECV; the named defendants in the amended
complaint in that action were Tsabeysaye and the Brandi Oldham Casa Blanca
School.  At the time of removal, the United States Attorney certified that
Tsabeysaye was acting in his capacity as an employee of the Casa Blanca
Community School at the time of the accident, and the United States filed a

notice substituting itself as the sole defendant in the action pursuant to 28 U.S.C. § 2679(d) on the ground that Tsabeysaye was deemed to be a federal employee for purposes of the Federal Tort Claims Act pursuant to 25 U.S.C. § 450f because the Casa Blanca Community School is an entity funded through the Tribally Controlled Schools Act of 1988, 25 U.S.C. §§ 2501-2511.[1]   The initial action was subsequently dismissed without prejudice on November 1, 2006 due to the plaintiff's failure to exhaust the administrative remedies mandated by the FTCA.

The plaintiff refiled the action in this Court on May 3, 2007.  For some inexplicable reason, the plaintiff did not name the United States as the defendant; rather he again named Griffin Tsabeysaye and the Casa Blanca School District and/or the Casa Blanca Community School (together with some fictitious defendants).  The Court dismissed the original complaint with leave to amend on May 14, 2007 because the complaint failed to allege any basis for federal subject matter jurisdiction.   The plaintiff filed an Amended Complaint on May 15, 2007, wherein he alleged that Tsabeysaye was deemed to be a federal employee for purposes of the FTCA pursuant to 25 U.S.C. § 450f.  The plaintiff, without filing either the motion required by Fed.R.Civ.P. 15(a) or a stipulation, filed a Second Amended Complaint on August 17, 2007 in which he added the United States as a named defendant.[2]

---

[1]

The United States' notice of removal, certification, and notice of substitution also stated that defendant "Brandi Oldham" was deemed to be a federal employee acting within the scope of her employment notwithstanding that no individual named "Brandi Oldham" was named as a defendant in the amended complaint - the other defendant named in the amended complaint was the "Brandi Oldham Casa Blanca School."

[2]

Although the Second Amended Complaint was improperly filed under

1    Two motions are pending before the Court: the United States' Motion to

2    Dismiss for Insufficiency of Service of Process, filed September 13, 2007,

3    wherein the United States argues that this action should be dismissed because

4    the plaintiff has not timely served the United States as required by Fed.R.Civ.P.

5    4(m) and has not properly served the United States as required by Fed.R.Civ.P.

6    4(i); and Plaintiff's Motion to Extend Time for Service of Process, filed November

7    8, 2007, wherein the plaintiff seeks an additional 90 days in which to serve Griffin

8    Tsabeysaye and the Casa Blanca School District and/or Casa Blanca Community

9    School.[3]  Having considered the parties' memoranda in light of the record, the

10   Court finds that both motions should be denied.

11    First, notwithstanding the United States' unexplained failure to certify in this

12   action that Tsabeysaye was acting in his official capacity as a deemed federal

13   employee at the time of the accident and its failure to file in this action a notice

14   substituting the United States as the sole defendant, the Court concludes that the

15   United States should be the sole defendant in this action because it is undisputed

16   that Tsabeysaye was acting in his official capacity as a deemed federal employee

17   at the time of the accident.  The Court will therefore dismiss this action as to all of

18   the other defendants, which action moots the plaintiff's motion to extend the

19   service time.

20    Second, while the Court could properly dismiss this action because the

21   record does not contain any proof establishing that the plaintiff has either timely

22

23   Fed.R.Civ.P. 15(a), the Court will allow it to stand as the functioning complaint
     given the United States' failure to object to its filing on Rule 15(a) grounds.

24        [3]

25        Although the plaintiff does not cite any procedural rule as the basis for
     his motion, the Court presumes that the plaintiff's motion is based on

26   Fed.R.Civ.P. 4(m).

1   or properly served the United States, the Court, in the exercise of its discretion,

2   chooses not to do so.  Rather, the Court, deeming it to be in the interests of

3   justice to do so given that the United States has long been aware of the plaintiff's

4   claims, will give the plaintiff one last chance to effect service on the United

5   States.

6     Fed.R.Civ.P. 4(i)(1), the rule that clearly sets forth the procedure for

7   serving process on the United States, provides in relevant part that a plaintiff

8   must serve both the United States Attorney and the Attorney General of the

9   United States in order to effect service on the United States.  In its motion to

10   dismiss, the United States, noting that the United States Attorney was served on

11   September 5, 2007, argues that such service occurred five days after the

12   expiration of Fed.R.Civ.P. 4(m)'s 120-day service period.  The plaintiff argues in

13   his response that the United States, which he states was served on September 5,

14   2007, was timely served within 120 days after the filing of the Amended

15   Complaint.

16     The Court can only presume that the plaintiff is improperly equating service

17   on the United States Attorney as accomplishing service on the United States

18   since he nowhere states how the United States was served, he has said nothing

19   about serving the United States Attorney General, and the United States, in its

20   reply dated October 9, 2007, states that the plaintiff had not as of that date

21   served the Attorney General.[4]

22     Since Fed.R.Civ.P. 4(m) permits the Court in its discretion to direct that

23   _____

   [4]

24      While the United States further states in its reply that the plaintiff has

25   also not served the Department of Interior as required by Rule 4(i), nowhere does
the United States explain why the Department of Interior must be served in this

26   action in order to properly effect service on the United States.

service of process be effected within a specified time in lieu of dismissal for untimely service even if good cause is not shown, see e.g., Mann v. American Airlines, 324 F.3d 1088, 1090 and n.2 (9th Cir. 2003), the Court will give the plaintiff until November 26, 2007 in which to effect service on the United States in accordance with Fed.R.Civ.P. 4(i), and until December 10, 2007 in which to file proper proof of service. The plaintiff is warned that his failure to timely and properly effect service in accordance with this Order will result in the dismissal of this action. Therefore,

IT IS ORDERED that the defendants Griffen Tsabeysaye, Jane Doe Tsabeysaye, Casa Blanca School District, Casa Blanca Community School, John Does I-X, Jane Does I-X, ABC-XYZ Corporations, and Black and White Partnerships are all dismissed from this action, and that this action shall proceed solely against defendant United States of America.

IT IS FURTHER ORDERED that the United States' Motion to Dismiss for Insufficiency of Service of Process (doc. #16) is denied without prejudice.

IT IS FURTHER ORDERED that Plaintiff's Motion to Extend Time for Service of Process (doc. #22) is denied as moot.

IT IS FURTHER ORDERED that the plaintiff shall have through November 26, 2007 in which to effect service of process on the United States of America in accordance with Fed.R.Civ.P. 4(i).

IT IS FURTHER ORDERED that the plaintiff shall have through December 10, 2007 in which to file proof of service in compliance with Fed.R.Civ.P. 4(l).

IT IS FURTHER ORDERED that the parties shall file their Joint Case Management Report no later than January 14, 2008.

IT IS FURTHER ORDERED that the Scheduling Conference shall be held

on Monday, January 28, 2008, at 1:30 p.m. in Courtroom 601.

DATED this 13th day of November, 2007.


Paul G. Rosenblatt
United States District Judge